## No. 17,383.

SIEGAL *v.* LECHLER.
(275 P. [2d] 949)

Decided November 1, 1954.

Messrs. DAVIS & LUTZ, Mr. HAROLD POTASHNIK, Mr. FRED W. MATTSON, Mr. A. B. MATTSON, Mr. FRED W. MATTSON, JR., for plaintiff in error.

Mr. DAVID J. McKEE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error, as plaintiff, on July 9, 1953, filed his complaint in this action alleging as a first claim that on May 7, 1952, he borrowed the sum of $3,500.00 from defendant, signing a note for $3,850.00 with interest at the rate of ten per cent per annum due July 7, 1952. He alleges that July 9, 1952, he paid defendant $3,946.27 and received the note marked "Paid." As a second claim, he alleged that on July 9, 1952, he executed a new promissory note to defendant in the sum of $3,946.27, bearing interest at the rate of two per cent per month, payable September 8, 1952. Pursuant to chapter 108, S.L. '13, defendant furnished plaintiff a memorandum statement showing the receipt of defendant's check for the amount of $3,946.27; and defendant gave plaintiff a check for that sum which plaintiff endorsed and delivered to defendant in payment of the first note referred to in his first claim. Plaintiff further alleged that the interest defendant collected on the first note was in excess of interest allowed under the statute above referred to, because, at the time

of the execution of the first note, defendant was not a licensed lender, and thereby plaintiff was entitled to recover treble damages for the overcharges. A further allegation was made that there was an overcharge on the second note, even though defendant then was a licensed lender, because part of the consideration represented the overcharge on the first note.

Defendant answered, admitting the execution of the first note; that it was marked "Paid;" that the payment was with the consideration plaintiff received from the execution of the second note; alleged that the second note was later paid; and denied every other allegation of the complaint. Defendant then affirmatively set forth that on July 9, 1952, plaintiff executed a release for "$5.00 and other good and valuable consideration," in which he discharged defendant from all actions, causes of action, claims or demands whatsoever owing under the statute above referred to, arising out of the loan transaction between plaintiff and defendant. In reply plaintiff alleged the inadequacy of the consideration for the release which was executed under threats by defendant; that the release was in violation of the statute and public policy and therefore was void; further that if the release had any effect at all it was only to discharge defendant of the liability then existing; that defendant subsequently overcharged plaintiff in the second note, because a part of the second note represented an overcharge on the first note.

The sections of the statute here involved are part of sections 1, 5 and 7 of chapter 108, S.L. '13. Section 1 makes it unlawful to engage in the business of making loans of money, etc., without first procuring license provided for in the Act, and receiving interest or making, directly or indirectly, any charge, discount or consideration greater than 12 per cent per annum. Section 5 provides that the licensee shall not charge or receive a greater rate of interest upon any loan or upon any unpaid balance after any partial payments on any loan

made by him, than 2% per month on the actual amount of the loan, and this shall cover all expenses, demands and services of every character, etc. Section 7 provides that every person who shall have paid any greater sum or value than allowed by these statutes may recover against the person charging same, treble the amount of the money so paid, etc. The sections contain other pertinent provisions not necessary to here set out in full.

Plaintiff filed a motion for summary judgment contending that no material issue of fact existed between the parties to the action. At the time of the hearing of this motion, plaintiff withdrew, or caused to be stricken, the allegation in his reply that the release was executed under threats.

Following the hearing on this motion, the trial court granted summary judgment in plaintiff's favor as to the first claim upon finding that on May 7, 1952 defendant was not a licensed lender, and that interest in excess of that allowed by the statute was charged by defendant. The court further found that the release executed on July 9, 1952, above referred to, releasing and discharging defendant from all claims whatsoever was against public policy; that no member of the public could waive the provisions of the law or release any violator from the consequences thereof; and the court dismissed the second claim for failure to state a claim for relief, because at the time of the execution of the second note, dated July 9, 1952, defendant was a licensed lender; and that there was no overcharge of interest. Summary judgment was entered on plaintiff's motion in the sum of $840.00, plus interest from May 7, 1953; also, a dismissal of the second claim was entered. To secure a reversal of this judgment defendant prosecutes the writ of error herein.

As summary of argument, defendant, now plaintiff in error, contends that since he pleaded a release executed by plaintiff as a defense, and plaintiff claims that the release was without consideration, a disputed issue of fact arose or remained, and that the entry of a summary

judgment by the trial court was error, because there was a general dispute of a material fact, defendant contending that the right to recover for usurious charges may be released or compromised upon valuable consideration and therefore the question of the sufficiency of the consideration became a disputed material fact.

■ This Court has, in cases too numerous to mention, held that summary judgment, being a drastic remedy, is never warranted except upon a clear showing that no genuine issue as to any material fact exists. Even in close cases, the doubt of whether or not there is such an issue remaining is to be resolved against the party moving for such a judgment. On the hearing of the motion for summary judgment there was nothing before the court except the pleadings, as neither party submitted affidavits or any kind of proof. The trial court held that the release was void and illegal and against public policy; and that the question of the sufficiency of the consideration was immaterial.

■ The release involved in this case and set up as a defense was executed after the right of action for usury had accrued. It was not made in advance of the claimed usurious transactions, as such would be void as against public policy; however, where the party claiming to be injured has the right to resist payment on account of the usurious nature thereof or sue for the penalty, and elects not to do so, we see no reason in logic or law, that would prevent such party from compromising the matter or the right to release the other party, since it is a matter, in the last analysis, of contract between the individuals involved, provided, however, that the release is made upon sufficient consideration. Thus the question of the sufficiency of the consideration presents itself for resolution, which in turn is an issue as to a material fact, and remained as a positive obstacle to the entering of a summary judgment. The contention here made is that the consideration for the release was inadequate and the nature of the transactions was not disputed. Ordinar-

ily, unless fraud, duress, undue influence, or mistake appears, we should not concern ourselves with the nature or effect of the contract, because such is exclusively within the rights of the parties to adjust. The nominal consideration of one dollar is good on its face and in many cases has been held to be a valid consideration; however, where the rights of the parties as to recovery, and the amounts recoverable calculated by statute, and there is no dispute with reference to the same, or as to the primary liability of the defendant, then a release for such a nominal consideration, not supported by a valid legal consideration, is void and does not bar the right of action for the full amount. If the facts and circumstances surrounding the giving of the release bears the earmarks of a subterfuge to defeat the terms of the statute, then it is void. Therefore the ruling of the lower court that the provisions of the statute in chapter 108 S.L. '13, supra, cannot be waived or released was erroneous, because under circumstances and conditions as hereinbefore indicated, such may be released, all depending upon the facts concerning the consideration.

Having determined that the usurious terms of the statute can be waived and released under certain circumstances and conditions, then the only question here involved is whether or not the consideration for the giving of such release was adequate, and can only be determined by a presentation of the facts, and the necessity for such presentation prevents the granting of a motion for summary judgment when such a material issue remains. The trial court erroneously held the release to be void as against public policy, in the absence of any proof as to the true consideration for the release.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the summary judgment so entered and proceed to hear and determine the material issue as herein indicated.

CHIEF JUSTICE STONE not participating.